IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL A. GRIFFIN,
    Petitioner,

v.                                           Case No. 5:09cv307/RS/CJK

KENNETH S. TUCKER,[1]
    Respondent.

_____

ORDER and
REPORT AND RECOMMENDATION

    Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Respondent filed an answer, submitting relevant portions of the state court record. (Doc. 11). Petitioner replied. (Docs. 13, 14). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the Court show that the petition is untimely and should be dismissed.

_____

[1] Kenneth S. Tucker succeeded Walter McNeil as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent. Fed. R. Civ. P. 25(d).

## BACKGROUND AND PROCEDURAL HISTORY

On December 21, 2005, petitioner was charged by Information filed in the Circuit Court for Bay County Florida, Case Number 05-4153, with two counts of Sexual Battery by a Person of Familial or Custodial Authority, in violation of Fla. Stat. § 794.011.  (Doc. 11, Ex. PD-1; *see also* Ex. A and Ex. J, p. 15).[2]  On July 23, 2007, petitioner entered a counseled, straight-up plea of no contest to one of the sexual battery counts, was convicted of that charge, and was sentenced as a habitual felony offender to fifty years imprisonment.  (Exs. B, E).  The second sexual battery count was nolle prossed.  (Exs. F and PD-1).  Judgment was rendered July 23, 2007.  (Ex. E).  Petitioner did not directly appeal from the judgment.  (Doc, 1, p. 2; Doc. 11, Ex. PD-1).

On October 6, 2008, petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.  (Ex. G).  The motion was dismissed on October 22, 2008, pursuant to petitioner's motion to dismiss.  (Exs. H, I).

On October 24, 2008, petitioner filed a second Rule 3.850 motion.  (Ex. J, pp. 1-12).  The Rule 3.850 court summarily denied relief.  (*Id*., pp. 13-15).  The Florida First District Court of Appeal ("First DCA") per curiam affirmed without written opinion.  *Griffin v. State*, 7 So.3d 1101 (Fla. 1st DCA 2009) (Table) (copy at Ex. M).  The mandate issued May 11, 2009.  (Ex. P).

On April 29, 2009, petitioner filed a Petition for Writ of Mandamus in the Florida Supreme Court, seeking to compel the First DCA to withdraw its March 19, 2009 decision and to reverse the circuit court's denial of postconviction relief.  (Ex.

---

[2]Hereafter, all references to exhibits will be to those provided at Doc. 14, unless otherwise noted.

Q). The Florida Supreme Court dismissed the petition for lack of jurisdiction on May 4, 2009. *Griffin v. State*, 10 So.3d 631 (Fla. 2009) (Table) (copy at Ex. R).

Petitioner filed the instant federal habeas petition on September 9, 2009. (Doc. 1). The petition presents three grounds for relief: (1) that petitioner's conviction violates due process because the trial court lacked subject matter jurisdiction; (2) that petitioner was denied "fair trial proceedings" because the trial court "was without legal jurisdiction to hear Petitioner's criminal case and accept petitioner's guilty plea"; and (3) that petitioner was denied due process and impartial appellate review in his postconviction proceeding, because the Rule 3.850 court "failed to comply with rule governing denying Petitioner's Rule 3.850 motion." (*Id.*, pp. 4-5). Respondent asserts that the petition should be dismissed because it is untimely and because it raises only state-law claims. (Doc. 11, pp. 3-10). Petitioner's reply (doc. 13), filed in duplicate (doc. 14), argues the merits of petitioner's claims, but does not address the timeliness issue.

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

Petitioner did not appeal from his judgment of conviction. Accordingly, petitioner's judgment became final for purposes of § 2244(d)(1)(A) on August 22, 2007, which is 30 days after rendition of the July 23, 2007 judgment. *See* FLA. R. APP. P. 9.140(b)(3) (an appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between the rendition of a final judgment and 30 days following rendition of a written order imposing sentence."); *see also* FLA. R. APP. P. 9.020(h) (defining "rendition" as the filing of the signed, written order); *Gust v. State*, 535 So.2d 642 (Fla. 1st DCA 1988) (holding that if a defendant does not

appeal his conviction or sentence, his judgment of conviction becomes final when the 30-day period for filing a direct appeal expires); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that where habeas petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date the time for seeking direct review expired), *abrogated on other grounds by Wall v. Kholi*, — U.S. —, 131 S. Ct. 1278, 179 L. Ed. 2d 252 (2011). The federal habeas statute of limitations began to run on that date. The limitations period expired one year later on August 23, 2008, in the absence of tolling. *See McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the day after the judgment became "final" under § 2244(d)(1)).

Petitioner did not file any applications for state postconviction or other collateral review during the critical period between August 22, 2007 and August 23, 2008. Accordingly, petitioner's time for seeking federal habeas review expired on August 23, 2008. Petitioner did not file his federal habeas petition until September 9, 2009.

## CONCLUSION

Petitioner's federal habeas petition is untimely. Petitioner has not established entitlement to equitable tolling or any other exception to the limitations period. Accordingly, this case must be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is

issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Kenneth S. Tucker has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1), challenging the conviction and sentence in *State of Florida v. Michael Anthony Griffin* in the Circuit Court for Bay County, Florida, Case No. 05-4153 be DISMISSED WITH PREJUDICE, and the clerk be directed to close the file.

2. That a certificate of appealability be DENIED.

At Pensacola, Florida this 9th day of April, 2012.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).